Wyly, J.
O. J. Flagg, who is the Judge of the Fourth Judicial District, brought this suit against the parish of St. Charles, on numerous warrants or evidences of debt issued by the president of the police jury or by the secretary of that body, amounting in the aggregate to seven thousand and four dollars and ninety-nine cents, claiming that the same were transferred to him for a valuable consideration, and offering in evidence a list of said claims together with said warrants or evidences of indebtedness, he obtained judgment by default against the parish of St. Charles for the full amount demanded ; the parish judge presiding instead of the plaintiff, the district judge, who appeared to prosecute his own suit.
No other proof was adduced in support of the demand.
The defendant, the parish of St. Charles, made no defense and took no appeal.
S. N. Burbank, tutor, William B. Whitehead, Lesassier & Binder, Robert Patterson, O. B. Grfaham & Cuny, A. Rochereau, the Citizens’ Bank, and thirteen other tax payers in said parish, alleging under oath that their pecuniary interest in the matter in dispute largely exceeds five hundred dollars, and they are aggrieved, have taken an appeal from said judgment.
The plaintiff moves to dismiss the appeal on several grounds, the most important being that in their petition and affidavit they show no cause.for the appeal.
We think otherwise. Appellants, as tax payers, will have to contri *320 bute to pay the judgment of which they complain, a special tax being ordered in the decree, and their interest, they swear, exceeds five hundred dollars. If the tax payers of the parish, who will have to pay the judgment if it is put in force, have no interest to have it reversed on appeal because erroneous, it is difficult to imagine who has. As a legal entity the parish can not suffer by an unjust judgment; it is the people thereof or the tax payers who will feel the burden. C. P. 571; 22 An. 602; 23 An. 582, 678; 25 An. 627.
An’ extraordinary feature of the case is presented in the motion to dismiss the appeal filed by N. S. Martin, district attorney pro tem. in behalf of the parish, the defendant, who is condemned to pay $7004 99.
Why he should be anxious to join the plaintiff, the district judge, and defeat the appeal, to the prejudice of his client, the parish, which was condemned to pay a large sum, we are at a loss to imagine.
The conduct of this public officer is reprehensible. A bare inspection of the record was sufficient to indicate an appeal as the course for him to pursue, in view of his duty as an officer charged with protecting the legal rights of his client, the parish of St. Charles. He took no appeal, however; and when appellants, the tax payers of said parish, sought to exercise that right, not content with his own inaction, he files a motion joining with the plaintiff in an effort to defeat the appeal, to the prejudice of his client, the parish of St. Charles.
His reason for so doing, that the' police jury, at a special meeting, confessed and recognized similar claims in the suit of Morgan Morgans against the parish, and ordered the defense withdrawn, is no excuse for the course he has pursued in this case.
The motion is denied.
On the merits there are several reasons why the judgment should be reversed:
First — In this default confirmed against the defendant, there is no proof that the warrants or certificates offered in evidence were issued by the parish or were authorized to be issued by the police jury, there being no proof except these documents, adduced at the trial.
Second — If the warrants or certificates were authorized to be issued, they are not sufficient to authorize the judgment for the reasons stated in Sterling v. The parish of West Feliciana, 26 An. 59, a suit brought on warrants or scrip of the same kind and presenting the same question.
Police juries, in the administration of the limited powers confided to them, must provide means by taxation for the purpose and in the manner provided by law; they can not bind the parishes by putting in circulation their notes or warrants at pleasure.
Section 2786 of the Revised Statutes provides that “ the police juries of the several parishes*** shall not, hereafter, have power to contract *321 any debt or pecuniary liability without fully providing in the ordinance Creating the debt the means of paying the principal and interest of the debt so contracted.”
Section 2787 provides that the ordinance providing means to pay the debt so contracted shall remain in force, that is, it shall not be repeal-able until the debt and interest are fully paid.
Section 2788 provides that where the police jury has provided for the payment of a debt by levying a tax, but refuses to cause it to be collected, relief may be had in the courts.
In the record plaintiff presents no case entitling him to relief.
The judgment must be reversed.
It is therefore ordered that the judgment appealed from be annulled, and that plaintiff’s demand be rejected with costs in both courts.
Rehearing refused.